UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
**Greenbelt Division**

| | |
|---|---|
| MARLYN OVALLE, </br></br> c/o Dmitri A. Chernov, Esq. </br> 11821 Parklawn Drive, Suite 206 </br> Rockville, Maryland 20852 </br></br> and </br></br> DAMARIS E. LÓPEZ, </br></br> c/o Dmitri A. Chernov, Esq. </br> 11821 Parklawn Drive, Suite 206. </br> Rockville, Maryland 20852 </br></br> Plaintiffs, </br></br> v. </br></br> LTTC ENTERPRISES, INC. </br> (dba "Zips Dry Cleaners"), </br></br> 901 Rockville Pike </br> Rockville, Maryland 20852, </br></br> Defendant. | Case No. _____ |

**COMPLAINT**

Now come the plaintiffs, Marlyn Ovalle and Damaris E. López, by and through the undersigned counsel, and for their complaint against the defendant, LTTC Enterprises, Inc., state and allege as follows:

THE PARTIES

1. Plaintiff Marlyn Ovalle (hereinafter sometimes referred to as "Ovalle") is an adult individual and a resident of Maryland.

2. Plaintiff Damaris E. López (hereinafter sometimes referred to as "López") is an adult individual and a resident of Maryland.

3. On information and belief, the defendant, LTTC Enterprises, Inc. (hereinafter referred to as "Defendant"), is a corporation organized and existing under the laws of the State of Maryland. On information and belief, the principal office of Defendant is located at 901 Rockville Pike, Rockville, Maryland 20852.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a matter arising under the laws of the United States of America, 28 U.S.C. § 1337, because this action arises under an Act of Congress regulating commerce, and 28 U.S.C. § 1367, because it involves state law claims that are so related to claims over which this Court has original jurisdiction as to form part of the same case and controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1991, as Defendant is domiciled and carries on a business in Maryland, and many of the events that gave rise to the present controversy occurred in Maryland.

## BACKGROUND AND INTRODUCTION

6. Ovalle and López have both been employees of Defendant (dba "Zips Dry Cleaners") in the years 2011, 2012, and 2013.

7. At all relevant times, Defendant was Ovalle's and López's employer within the meaning of the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Labor & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment Collection Act, Md. Code Ann., Labor & Empl. §§ 3-501 *et seq.*

8. As of 2013, Ovalle's wages were payable at an hourly rate of $11.25 per hour and López's – at $11.90 per hour. Ovalle and López performed routine labor for

Defendant that required very moderate levels of skill.

9. While in the employ of Defendant Ovalle and López routinely worked over 40 hours per week. However, Defendant only paid Ovalle and López for 40 hours of work per week or fewer than 40 hours per week. Neither was paid for overtime work and neither was paid for overtime work at the rate of 1.5 times the regular wage, contrary to the requirements set forth in the FLSA and Md. Code Ann., Labor & Empl.§ 3-415.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FLSA

10. The plaintiffs re-incorporate by reference and re-allege the allegations of paragraphs 1 through 9 with the same effect as if fully set forth herein.

11. At all relevant times, López and Ovalle were employees covered by the FLSA.

12. Defendant violated the minimum wage provision of the FLSA, 29 U.S.C. § 206, by failing to pay López and Ovalle any wages for overtime hours worked.

13. Defendant violated the overtime wage provision of the FLSA, 29 U.S.C. § 207, by failing to pay López and Ovalle wages for overtime hours at 1.5 times the regular rate of pay.

14. Defendant's failure to pay López and Ovalle wages in accordance with the applicable provisions of the FLSA was willful, intentional, and not in good faith.

15. As a direct and proximate result of such conduct by Defendant, López and Ovalle each suffered damages and sustained losses.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF MARYLAND WAGE AND HOUR LAW AND MARYLAND WAGE PAYMENT COLLECTION ACT

16. The plaintiff re-incorporate by reference and re-allege the allegations of paragraphs 1

through 15 with the same effect as if fully set forth herein.

17. Defendant's actions complained of herein constitute violations of Md. Code Ann., Labor & Empl. § 3-413, inasmuch as Defendant failed to pay the plaintiffs any wages for overtime hours worked.

18. Defendant's actions complained of herein constitute violations of Md. Code Ann., Labor & Empl. § 3-415, inasmuch as Defendant failed to pay the plaintiffs wages at the rate of 1.5 times the regular hourly wage for overtime hours worked.

19. Defendant has failed to pay the plaintiffs their full wages for overtime hours worked by them in violation of Maryland law.

20. In each instance of unpaid wages, more than two weeks have elapsed since the date on which Defendant was required to have paid the wages.

21. The wages were not paid in violation of Maryland law and not as a result of a bona fide dispute.

22. As a direct and proximate result of such conduct by Defendant, López and Ovalle each suffered damages and sustained losses.

## PRAYER FOR RELIEF

Wherefore, the plaintiffs respectfully request that the Court enter a judgment against Defendant,

(1) Declaring that Defendant has committed the breaches and offenses complained of herein;

(2) Awarding each of the plaintiffs her respective unpaid/underpaid wages and other compensatory damages in amounts to be proven at trial;

(3) Awarding each of the plaintiffs treble damages and statutory damages per the applicable statutes;

4

(4) Awarding each of the plaintiffs liquidated damages in the maximum amount allowed under the FLSA;

(5) Awarding each of the plaintiffs pre-judgment and post-judgment interest;

(6) Awarding each of the plaintiffs reasonable attorney's fees;

(7) Awarding the plaintiffs the costs and disbursements of this action; and

(8) Awarding the plaintiffs such other and further relief as the Court deems just and proper and as the nature of this controversy may require.

Respectfully submitted,

MARLYN OVALLE &
DAMARIS E. LÓPEZ.
By Counsel

_____/s/_____
Dmitri A. Chernov, Esq.
11821 Parklawn Drive
Suite 206
Rockville, Maryland 20852
Telephone:   (240) 447-8625
Facsimile:    (240) 221-2758
E-mail:         DChernov@aol.com

## DEMAND FOR A TRIAL BY JURY

The plaintiffs demand a trial by jury of all claims, defenses, matters, and allegations triable to a jury.

_____/s/_____
Dmitri A. Chernov, Esq.

*Counsel for the plaintiffs*

5