**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

**MEMORANDUM TO COUNSEL**

This memorandum is provided to assist counsel in addressing common problems that arise in the settlement of actions brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219.

Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

### I. Inapplicability of Fed. R. Civ. P. 41(a)(1)(A)

All settlement agreements that resolve claims under the FLSA must receive court approval. *Gionfriddo v. Jason Zink, LLC*, No. RDB-09-1733, 2012 WL 1077765, at *2 (D. Md. Mar. 29, 2012); *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010). And, "since Rule 41(a)(1)(A)(ii) makes dismissal under such rule '[s]ubject to . . . any applicable federal statute,' and since the FLSA requires court approval of such dismissals, the parties may not effectuate such dismissal through use of a stipulation of dismissal." *Minsterman v. S.L. Nusbaum Realty Co.*, No. 10-303, 2011 WL 9687817, at *1 (E.D. Va. Jan. 21, 2011). Some courts have reached the opposite conclusion, *see, e.g.*, *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368 (E.D.N.Y 2013), but the objectives of the FLSA, as announced in *O'Neil*, cannot be guaranteed through the use of dismissals under Fed. R. Civ. P. 41(a)(1)(A) as a vehicle for avoiding court review and approval of FLSA settlements.

### II. Factors Considered in the Approval of FLSA Settlements[1]

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman*, 2013 WL 2949047, at *3 (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute

---

[1] Counsel may find it helpful to review a recent opinion discussing the standards governing the settlement of FLSA actions. *Amaya v. Young & Chang, Inc.*, No. PWG-14-749, 2014 WL 3671569 (D. Md. July 22, 2014); *Duprey v. Scotts Co. LLC*, No. PWG-13-3496, 2014 WL 2174751, at *5 (D. Md. May 23, 2014).

over FLSA provisions." *Id.* The Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)).

### A. *Bona Fide* Dispute and Fairness and Reasonableness

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17. If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settlement using the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

### B. Attorneys' Fees

Under 29 U.S.C. § 216(b), "'the wronged employee should receive his full wages *plus* the [liquidated damages] penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946) (emphasis added)). Thus, although contingent-fee arrangements are allowed, and sometimes even preferred, in many common-fund cases, *see, e.g.*, *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 437 (D. Md. 1998) (citing authority from multiple circuits), a district court may abuse its discretion by approving, without an independent evaluation for reasonableness, an FLSA settlement that includes a contingent fee, *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992) (concluding that "it was an abuse of discretion for the district court . . . to forgo the lodestar approach and to calculate reasonable attorney's fees by adopting instead the attorney's customary contingent-fee arrangement"); *Llora v. H. K. Research Corp.*, No. 96-1552, 1997 WL 693062, at *1 (4th Cir. Oct. 29, 1997) (concluding that "it was an abuse of discretion for the district court to award attorney's fees that equaled one-third of the judgment award without adequately explaining its reasoning for failing to use the lodestar amount"). This is because "permitting contractual waiver of . . . the right to minimum wage, overtime compensation, liquidated damages, and attorney's fees—would nullify the purposes of the [FLSA]." *Walthour v. Chipio Windshield Repair, LLC*, 944 F. Supp. 2d 1267, 1272 (N.D. Ga. 2013), *aff'd*, 745 F.3d 1326 (11th Cir. 2014), *cert. denied*, 134 S. Ct. 2886 (U.S. 2014).

Consequently, allowing a contingent fee that distributes a percentage of the damages award to the attorney, effectively allowing the employee to waive both the statutorily-mandated attorneys' fees and the portion of her wages and liquidated damages allocated to attorneys' fees,

would be an impermissible infringement on the statutory award to the employee. *See Walthour*, 944 F. Supp. 2d at 1272; *see also O'Neil*, 324 U.S. at 706 & n.16. Nonetheless, an attorneys' fee award negotiated pursuant to a contingent-fee arrangement can be approved if the court finds (1) that the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) that they are reasonable under the lodestar approach. *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."); *Lyle*, 954 F.2d 984, 988 (4th Cir. 1992); *Llora*, 1997 WL 693062, at *1. For guidance in providing the information necessary for the Court's lodestar analysis, counsel should review Chief Judge Chasanow's opinion in *Saman*, where the parties were required to supplement their motion with the necessary information. 2013 WL 2949047, at *6–7.

### III. Confidentiality Clauses and Sealing of Court Records

Filings in an FLSA case should not be sealed unless warranted under existing legal standards that govern motions to seal. *See Kianpour v. Rest. Zone, Inc.,* No. DKC 11-0802, 2011 WL 3880463, at *2 (D. Md. Aug. 30, 2011). If the parties believe that sealing is appropriate, they must satisfy the standard set forth in *Doe v. Pub. Citizen*, 749 F.3d 246 (2014).

Additionally, a confidentiality clause in an FLSA settlement agreement is "not permitted without compelling reasons." *Salamone v. Balt. Diamond Exch., Inc.*, No. JKB-14-1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014) (citing *Carpenter v. Colonial Mgmt. Grp., LP*, No. JKB-12-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012)). In *Carpenter*, this Court held that such a provision "contravene[d] the important purposes of the [FLSA] and defeat[ed] both public and private efforts to enforce it." 2012 WL 2992490, at *2. Additionally, if the parties negotiate a settlement agreement of an FLSA claim that includes a confidentiality agreement, the attachment of that settlement agreement as an exhibit to a motion to approve the settlement may have the practical effect of rendering the confidentiality agreement nugatory. *See Salamone*, 2014 WL 2930788, at *1 (approving FLSA settlement agreement while noting that "the [confidentiality] provision is of no practical effect").

### IV. Conclusion

If a settlement agreement is executed, the parties should file a joint motion seeking approval of the proposed agreement. The supporting memorandum should include specific factual representations and legal argument demonstrating what *bona fide* disputes exist and how the proposed settlement constitutes a fair and reasonable compromise of those disputed issues, using the factors explained above. The parties should attach the proposed settlement agreement as an exhibit, along with the evidence necessary for me to evaluate the attorneys' fees using the lodestar approach, as explained above.

Dated: <u>August 13, 2014</u>               /S/
                                        Paul W. Grimm
                                        United States District Judge